**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Dennis Mowrey,<br><br>                    Plaintiff,<br>    v.<br><br>Oxford Law, LLC; and DOES 1-10, inclusive,<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No.:  2:13-cv-00270-NBF<br>:<br>:<br>:<br>:<br>:<br>: |

### PLAINTIFF'S MOTION TO ENTER A DEFAULT JUDGMENT

COMES NOW Plaintiff, Dennis Mowrey, by and through his undersigned counsel, and hereby respectfully submits this Motion to Enter a Default Judgment against Defendant Oxford Law, LLC.  In support of this motion, Plaintiff states as follows:

1.  On August 16, 2013, Plaintiff filed a notice of settlement with the Court stating the parties had reached a resolution of the instant action. (Doc. No. 19).

2.  Acting on parties' notice of settlement, the Court entered an order whereby it reserved jurisdiction over the settlement of this matter, stating: "The Court expressly retains jurisdiction in this matter to consider any issue arising during the period when settlement is being finalized, including, but not limited to, enforcing settlement." (Dkt. No. 20).

3.  On October 14, 2013, the Plaintiff and Oxford Law, LLC ("Defendant") executed a settlement agreement (the "Agreement"[1]).

4.  Per the Agreement, if Defendant were to default on payment in its settlement obligations, the Agreement would be treated as a judgment against the Defendant. (Exhibit A, ¶8).

---

[1] The Settlement Agreement is attached herewith as Exhibit A.

5.   Further, the Agreement provided that in case "it become necessary for either party to enforce the terms and conditions of this Release, the prevailing party is entitled to reasonable attorney's fees and costs." (Exhibit A, ¶8).

6.   On December 17, 2013, Plaintiff's counsel reached out to Defendant's counsel to determine the status of the remaining settlement funds, which were due on December 16, 2013. Plaintiff's counsel received no response. Declaration of Jody B. Burton, Esq., ¶3.

7.   On December 20, 2013, Plaintiff's counsel again contacted Defendant's counsel requesting the remainder of settlement funds be sent without delay.  Plaintiff's counsel also notified the Defendant that pursuant to the Agreement, it had five (5) days to cure the default or the Agreement would be treated as a judgment.  Plaintiff's counsel received no response. *Id.* at ¶4.

8.   On January 14, 2014, Plaintiff's counsel again emailed Defendant's counsel regarding the past due payment and received no response. *Id.* at ¶5.

9.   To date, Defendant has not turned over the remaining $1,750.00 in settlement funds and subsequently, has failed to satisfy the Agreement. *Id.* at ¶6.

10. Plaintiff now moves this Court to enter an Order of Default Judgment against the Defendant for an amount of $1,750.00.

11. The Court retains jurisdiction over the settlement in this matter. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).  "If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so."

12. Here, as stipulated in the Agreement, the parties agreed the United States District Court for the Western District of Pennsylvania would have exclusive jurisdiction over all matters related to the enforcement of said Agreement.

13. Further, by its Order from August 16, 2013 (Doc. No. 20), the Court retained jurisdiction over all issues pertaining to settlement.

14.   The issue of Defendant's non-payment and failure to satisfy the Agreement warrants this Court's attention.

WHEREFORE the Plaintiff respectfully requests that the Court enter an order of Default Judgment against the Defendant for $1,750.00.

Dated: February 11, 2014                     Respectfully submitted,

*/s/ Jody B. Burton*
Jody B. Burton
Bar No.: 71681
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that on February 11, 2014, a true and correct copy of the

foregoing was filed with the Clerk of Court for the United States District Court for the Western

District of Pennsylvania, which sent notice of such filing to the following party listed below. In

addition, a copy of such was sent via electronic mail and first class mail, postage pre-paid, to the

following party listed below.

Robert M. Kline, Esq.
P.O. Box 18806
Philadelphia, PA 19119
Email: rmklinelaw@aol.com
*Attorney for Defendants*

> */s/ Jody B. Burton*
> Jody B. Burton